IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALISHA FAITH BYRD,<br>on behalf of B.A.M and J.B.M., et al.,<br><br>Petitioners,<br><br>v.<br><br>TEXAS DEPARTMENT OF FAMILY<br>PROTECTIVE SERVICES, et al.,<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 3:17-CV-1305-N-BK |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

### I. BACKGROUND

Petitioners, residents of Mabank, Texas, filed the petition *sub judice* on the section 2254 habeas form used by prisoners. Doc. 3 at 1. They name as Respondents the Texas Department of Family Protective Services, CPS, Giana Martinez, and Unit C7. Petitioners bring this action on behalf of their minor children, B.A.M. and J.B.M., claiming that CPS wrongfully removed the children from their home and placed them in foster care without a court order or a hearing, in violation of their due process rights. Doc. 3 at 2, 6-7. Petitioners also allege CPS authorized an elective surgery on J.B.M without notifying them. Doc. 3 at 7. Petitioners request the "immediate return of both children," an order enjoining CPS from "filing any petitions in the future," and the "full restoration of custodial rights to both parents." Doc. 3 at 7.

## II. ANALYSIS

At the outset, the Court must examine whether it has jurisdction over the instant action. The primary function of the writ of habeas corpus is to seek release from unlawful custody or imprisonment. "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (emphasis added). *See also* 28 U.S.C. § 2254(a) (stating that a federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Further, absent custody by the authority against whom relief is sought, jurisdiction will not lie to grant habeas relief. *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) ("For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge.").

Although the case is filed as a "Petition for Writ of Habeas Corpus by a Person in State Custody," Doc. 3 at 1, Petitioners' children are not "in custody" for purposes of invoking the jurisdiction of this Court over their federal habeas claims. *Cf. Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 515–16 (1982) (federal habeas not available to challenge state parental rights or child custody decisions). Although Petitioners list "Foster Home/unknown" as the current place of confinement, Doc. 3 at 1, it is clear that while in foster care, the children "are not prisoners … [n]or do they suffer any restrictions imposed by a state criminal justice system." *Id*. at 510. Consequently, the Court lacks subject matter jurisdiction, and this case should be dismissed without prejudice.

Moreover, insofar as Petitioners intend to pursue any non-habeas, federal claims on behalf of their children, they must retain counsel to file a separate civil action. Because Petitioners are proceeding *pro se*, they are not permitted to bring a next friend action on behalf of their minor children. See *Sprague v. Dep't of Family & Prot. Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013) ("'non-attorney parents generally may not litigate the claims of their minor children in federal court.'").

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. See FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**SIGNED** May 17, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE